UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL ACTION |
| VERSUS | * | NO. 23-175 |
| SHAUN CHAPMAN | * | SECTION L |

### ORDER & REASONS

Before the Court is Defendant Shaun Chapman's motion for reconsideration of his criminal sentence. R. Doc. 42. Considering the briefing and the applicable law, the Court rules as follows.

### I. BACKGROUND

On August 10, 2023, the Government charged Mr. Chapman with one count of mailing a threatening communication under 18 U.S.C. § 876 as he knowingly caused to be delivered by the United States Postal Service, a communication containing a threat to injure the person of another. R. Doc. 19. Mr. Chapman pleaded guilty to the indictment on November 9, 2023. R. Doc. 28. The U.S. Probation Office filed a draft Presentence Investigation Report ("PSR") on February 22, 2024, and determined that under the U.S. Sentencing Guidelines, Mr. Chapman had a total offense level of 14 and a criminal history category of VI, resulting in an advisory guidelines range of 37 to 46 months of incarceration and 1 to 3 years of supervised release. R. Docs. 31, 34. While the Government filed no objections, Mr. Chapman filed three objections to the draft PSR. R. Doc. 32. At Mr. Chapman's sentencing on February 29, 2024, the Court discussed Mr. Chapman's objections and because the final PSR was revised in consideration of his objections, the Court dismissed them as moot. R. Docs. 33, 39. The Court proceeded to sentence Mr. Chapman to 40 months of incarceration with the Bureau of Prisons and three years supervised release to run consecutively to the term he is currently serving in Orleans Parish Criminal Court. R. Doc. 40.

Almost five months later, on July 22, 2024, Mr. Chapman now moves for reconsideration of his sentence. R. Doc. 42.

## II.     LAW AND ANALYSIS

In his motion, Mr. Chapman seeks reconsideration of his sentence and requests the Court to modify his federal sentence to run concurrently with his state sentence instead of consecutive. *Id.* He argues that if his sentence was set to run concurrently then he would have been placed in a federal facility to serve his terms of imprisonment. Because the Court imposed a consecutive sentence for the federal offense, Mr. Chapman remains in state custody until he completes his term of incarceration for his state offense. His current projected release date from state custody is December 3, 2024. Mr. Chapman requests the instant relief because he argues that his state facility is not providing him with all of his medications. He argues that if he were in federal custody then he would be receiving all his necessary prescriptions. While the Court is concerned about Mr. Chapman's situation, the Court presently lacks jurisdiction to act upon Mr. Chapman's request.

Though the Federal Rules of Criminal Procedure does not explicitly authorize motions for reconsideration in criminal cases, the Fifth Circuit has recognized such motions as a legitimate procedural device at common law. United States v. Thompson, 79 Fed. App'x 22, 23 (5th Cir. 2003). It however has also established that this procedural device "does not apply in the sentencing context in light of Congress's limit to the circumstances in which a district court can modify a sentence of imprisonment." *United States v. Hoffman*, 70 F.4th 805, 811 (5th Cir. 2023). This Court can only exercise its limited "authority to correct or modify a sentence" under the specific circumstances enumerated in 18 U.S.C. § 3582(b*). United States v. Bridges*, 116 F. 3d 1110, 1112 (5th Cir. 1997). The Court therefore cannot modify Mr. Chapman's sentence under any common law authority. *United States v. Agyemang*, No. 24-15, 2024 WL 3376080, at 1 (E.D. La. July 11,

2024) (holding that it lacks common law jurisdiction to act upon a defendant's motion for reconsideration of his sentence).

Further, the Court lacks jurisdiction to modify Mr. Chapman's sentence under Federal Rule of Criminal Procedure 35. Rule 35(a) provides that a court may only modify a sentence within 14 days after sentencing. Fed. R. Crim. P. 35(a) ("Within 14 days of after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."). Presently, over four months have elapsed since Mr. Chapman's sentencing on February 29, 2024. Thus, the Court cannot grant him any relief pursuant to 35(a). *See e.g.*, *United States v. Lopez*, 26 F. 3d 512, 520 (5th Cir. 1994) (finding that the district court had no jurisdiction to modify a sentence under Rule 35 out of the rule's timeframe). Under Rule 35(b), a court may only modify a defendant's sentence if two conditions are met: (1) the motion must be brought by the Government and (2). the defendant must have provided substantial assistance assisting the Government. Fed. R. Crim. P. 35(b). Here, the motion is brought by Mr. Chapman and thus, his request fails under 35(b) as well.

In sum, the Court presently has no jurisdiction to address Mr. Chapman's request. The Court advises Mr. Chapman that he may pursue civil remedies to rectify the issues he is facing with his medication. If Mr. Chapman should face similar problems when he is transferred to the custody of the Bureau of Prisons, he reserves the right to notify the Court accordingly.

### III.   CONCLUSION

For the foregoing reasons,

Defendant Shaun Chapman's motion for reconsideration of his sentence, R. Doc. 42, is **DENIED**.

New Orleans, Louisiana this 31st day of July, 2024.

_____
United States District Judge